**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**TRANSFER TO, INC. d/b/a DT ONE,**

                              Petitioner,                    **REPORT AND**
                                                                            **RECOMMENDATION**

      -against-
                                                                               **21-CV-1838 (RPK)**

**DOLLAR PHONE ENTERPRISE, INC.,**

                                Respondent.
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court, on a referral from the Honorable Rachel P. Kovner, is a petition filed by petitioner Transfer To, Inc. ("petitioner") on April 5, 2021, to confirm an arbitration award, pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. See Petition to Confirm Arbitration Award (Apr. 5, 2021) ("Petition"), Electronic Case Filing ("ECF") Docket Entry ("DE") #1; Order Referring Petition (Aug. 24, 2021). Although properly served, respondent Dollar Phone Enterprise, Inc. ("respondent") has not opposed the Petition or otherwise appeared in this proceeding. For the reasons discussed below, this Court recommends that the District Court confirm the arbitration award and grant the relief sought in the Petition.

## THE UNDERLYING FACTS AND PROCEDURAL BACKGROUND

       The Petition alleges that on or about September 19, 2011, the parties entered into a contract, the Mobile Prepaid International Airtime Transfer Service Agreement ("Agreement"), for petitioner to provide cellphone minutes to respondent over its platform. See Petition ¶ 6 & Agreement (annexed to Petition as Ex. 1), DE #1 at ECF pp. 5-15. On or

1

about January 4, 2021, in accordance with paragraph 12.8 of the Agreement, petitioner submitted a claim in arbitration before the American Arbitration Association ("AAA"), to recover damages in the amount of unpaid invoices sent to respondent pursuant to the Agreement. See Petition ¶¶ 7, 8; see also Agreement ¶ 12.8, DE #1 at ECF p. 13 ("parties shall submit to the exclusive jurisdiction of the [AAA]"). Although provided with notice of the hearing by mail and email in compliance with the procedures of the AAA, see Award of Arbitrator dated March 25, 2021 ("Arbitration Award") at 1 (annexed as Ex. 2 to Petition), DE #1 at ECF p. 17, respondent failed to appear at the arbitration hearing held on March 23, 2021, see id. The arbitrator nevertheless conducted an evidentiary hearing and, on March 25, 2021, issued an arbitration award, finding in favor of petitioner in the total amount of $309,858.57, consisting of $299,928.07 in unpaid invoices and $9,931.50 in arbitration fees. See id. at 2, DE #1 at ECF p. 18. Petitioner alleges that respondent has not paid the Arbitration Award. See Petition ¶ 12.

On April 5, 2021, petitioner filed the instant Petition to confirm the Arbitration Award. Petitioner served respondent with the Petition on April 30, 2021, through Nancy Dougherty, the clerk of the Secretary of State of New York, who was authorized to accept service for respondent. See [Return] of Service (May 17, 2021), DE #8. After the instant Petition was referred to the undersigned magistrate judge, this Court directed petitioner to supplement the record with the "underlying evidence upon which the arbitration award relies[,]" and directed respondent to show cause, in writing, by October 19, 2021, why the relief requested should not be granted. See Order (Sept. 21, 2021) at 2, DE #14. Once again, respondent failed to make its appearance in this matter or otherwise defend the action.

**DISCUSSION**

I.  **Confirmation of the Arbitration Award**:  **General Legal Principles**

Petitioner moves for default judgment under Rule 55 of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment.

"[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). In other words, all that confirmation does is arm the already "winning party" in the arbitration with "a variety of remedies" to "enforce the judgment"—and, by extension, the arbitration award. See id. Accordingly, in order to streamline such a proceeding, courts treat a petition to confirm an arbitration award as a motion to confirm. See Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008); D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107-08 (2d Cir. 2006). In this connection, the motion for default judgment to confirm an arbitration award is akin to a motion for summary judgment, in that regardless of whether the respondent appears, the court reviews the motion in the context of a pre-existing record—usually consisting of the agreement to arbitrate and the arbitration award decision. See D.H. Blair, 462 F.3d at 107-10 (holding that, because petitions to confirm arbitration awards are "motions in an ongoing proceeding rather than a complaint initiating a plenary action[,]" the procedural mechanism of default and default judgment is generally inapplicable); but cf. New York City Dist. Council of Carpenters v. Trinity Phoenix Constr. Corp., 17-CV-609-DLI-SJB, 2018 WL 1521862, at *2-4 (E.D.N.Y. Jan. 10, 2018) (noting that where there has been a "double default"—that is, a party's failure to appear in both the arbitration and confirmation action—courts in this District have used "the

typical default judgment standard"); Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite Here! v. Jung Sun Laundry Grp. Corp., No. 08-CV-2771 (DLI)(RLM), 2009 WL 704723, at *3 (E.D.N.Y. Mar. 16, 2009) (noting that, "despite the Second Circuit's pronouncement in *D.H. Blair*," some courts in this District have held that default and default judgments, which consider the sufficiency of the petition's "pleading" as opposed to the petition's accompanying record, are appropriate where the respondent not only failed to oppose the petition, but also failed to appear in the underlying arbitration).[1] "[W]here, as here, respondent fails to appear in *both* the arbitration and the subsequent confirmation proceeding, the distinction [between the default judgment standard and the summary judgment standard] becomes 'somewhat academic.'"[2] Trs. of N.E. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Coop. Funds v. Excel Installations, LLC, 19-CV-3012 (ERK) (SMG), 2020 WL 429135, at *2 (E.D.N.Y. Jan. 27, 2020) (citation omitted). "Thus, like unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Eclipse Constr.

---

[1] The Second Circuit in D.H. Blair, in comparing a petition to confirm an arbitration award to a motion for summary judgment, did not suggest that the summary judgment standard of review should be applied to petitions to confirm. Rather, the Circuit made this comparison in reasoning that the judicial proceeding on a petition to confirm an arbitration award is not analogous to a plenary action and pleading in connection with which a party may be held in default. See D.H. Blair, 462 F.3d at 107-10 (noting that a petition to confirm is a motion in an ongoing arbitration proceeding, not a pleading in a plenary action). The Circuit held that where, as here, the respondent fails to oppose the petition, the court should treat that petition as an unopposed motion, just as it would if a party did not oppose a motion for summary judgment. See D.H. Blair, 462 F.3d at 107-10.

[2] Indeed, this Court would reach the same conclusion in this action under either standard.

Servs. Inc., 1:21-CV-7868-GHW, 2021 WL 5567752, at *4 (S.D.N.Y. Nov. 26, 2021) (quoting D.H. Blair, 462 F.3d at 110); see also Korean Trade Ins. Corp. v. Eat It Corp., No. 14-CV-3456 (MKB), 2015 WL 1247053, at *3 (E.D.N.Y. Mar. 16, 2015).

The deferential standard of review for a petition to confirm an arbitration award similarly furthers the summary nature of such proceedings. Specifically, there is "no general requirement that arbitrators explain the reasons for their award[.]" Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, 954 F.2d 794, 797 (2d Cir. 1992) (quoting Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1214 (2d Cir. 1972)). "[I]mprovident, even silly, fact finding does not provide a basis for a reviewing court to refuse to enforce the award." Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (internal quotation marks and citation omitted). If, from the record, a court can infer even a "barely colorable justification for the outcome reached[,]" D.H. Blair, 462 F.3d at 110; see Wallace v. Buttar, 378 F.3d 182, 193 (2d Cir. 2004) (quoting Fahnestock & Co., Inc. v. Waltman, 935 F.2d 512, 516 (2d Cir. 1991)), the court "must" grant the petition, see Hall St. Assocs., 552 U.S. at 582.[3]

---

[3] Both before and after D.H. Blair, the standard of review for a petition to confirm an arbitration award has been whether the arbitration record supports an inference of a "barely colorable justification for the outcome reached." D.H. Blair, 462 F.3d at 110; see Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Med., 826 F.3d 634, 638 (2d Cir. 2016) (quoting Banco de Seguros del Estado v. Mut. Marine Office, Inc., 344 F.3d 255, 260 (2d Cir. 2003)). Relatedly, the Second Circuit has held that when faced with a motion to vacate an arbitration award, a court may vacate where the award was rendered in "manifest disregard of the law." D.H. Blair, 462 F.3d at 110; see Schwartz v Merrill Lynch & Co., 665 F.3d 444, 451-52 (2d Cir. 2011). "A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." D.H. Blair, 462 F.3d at 110.

## II. The Arbitrator's Award

Petitioner has submitted a transcript of the testimony adduced at the arbitration, the documentary exhibits upon which the arbitrator relied, and invoices detailing the costs that petitioner incurred in connection with the arbitration. See Petitioner's Supplemental Submission (Oct. 5, 2021), DE #16-1 ("Arbitration Exhibits"), #16-2 ("Financial History"), #16-3 ("Transcript of Arbitration"). The Agreement provides that petitioner, a wholesaler of prepaid cell phone minutes, would supply respondent with airtime credit at specified rates. See Agreement, DE #1 at ECF pp. 5-15. Respondent agreed to pay the balance due within seven days of receiving an invoice. See Payment Terms and Conditions, Ex. A to the Agreement, DE #1 at ECF p. 15. At the arbitration hearing, petitioner's witness testified that respondent breached the Agreement by failing to pay Invoice #729, dated October 31, 2020, in the amount of $294,196.94, and Invoice #760, dated November 9, 2020, in the amount of $5,731.13. See Arbitration Award at 1, DE #1 at ECF p. 17; Transcript of Arbitration at 14, 20-22, DE #16-3 at ECF pp. 15, 21-23. The witness further testified that respondent was aware of the past due balance and acknowledged the debt in writing, without disputing it. See Arbitration Award at 1-2, DE #1 at ECF pp. 17-18; Transcript of Arbitration at 16-17, DE #16-3 at ECF pp. 17-18; see also Arbitration Exhibits, DE #16-1 at ECF pp. 13-17, 711-715, 752-758 (invoices and transmittal emails).

After concluding that the AAA Commercial Arbitration Rules applied to the arbitration,[4] see Arbitration Award at 1, DE #1 at ECF p. 17 ("This matter has been

---

[4] By their terms, the AAA Commercial Arbitration Rules apply where, as here, the pertinent arbitration agreement provides for "arbitration by the AAA of a domestic commercial dispute without specifying particular rules." AAA, Commercial Arbitration Rules and Mediation Procedure R–1(a) (effective

administered by the AAA in accordance with its Commercial Arbitration Rules[.]"), the arbitrator found that respondent breached the Agreement by failing to pay Invoice #729 and Invoice #760, totaling $299,928.07, see id. at 2, DE #1 at ECF p. 18. Accordingly, the arbitrator awarded petitioner $299,928.07 for the unpaid invoices. See id. The Arbitration Award additionally imposed the costs of the arbitration on respondent.

Rules R-47 and R-53 of the AAA Commercial Arbitration Rules grant the arbitrator the discretion to allocate arbitration fees among the parties. See AAA, Commercial Arbitration Rules and Mediation Procedure R–47(c) ("The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate."); id., R–53 ("The filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award."); see also Chase v. Cohen, 519 F.Supp.2d 267, 280 (D. Conn. 2007) (confirming arbitration award, which apportioned costs to respondent pursuant to AAA's Rules). In accordance with those Rules, the arbitrator exercised his discretion to apportion the AAA's arbitration fees to respondent, in the amount of $9,931.50. See Arbitration Award at 2, DE #1 at ECF p. 18. Petitioner has submitted documentation generated by the AAA confirming that petitioner paid $9,931.50 in arbitration fees. See Financial History, DE #16-2 at ECF p. 4; see also Declaration of Mohammad Asim Iqbal (Oct. 5, 2021) ¶¶ 3-6, DE #16-2 at ECF pp. 2-3.

---

Oct. 1, 2013), http://www.adr.org/Rules (last visited Jan. 18, 2022); see Idea Nuova, Inc. v. GM Licensing Grp., Inc., 617 F.3d 177, 181 (2d Cir. 2010) ("[W]hen, as here, parties expressly agree to submit their commercial disputes 'to AAA arbitration for resolution,' such language is reasonably understood, without more, to agree to arbitration pursuant to AAA rules and to the incorporation of those rules into the parties' agreement.") (internal citation omitted). Paragraph 12.8 of the Agreement herein states that the "parties shall submit to the exclusive jurisdiction of the American Arbitration Association." Agreement ¶ 12.8, DE #1 at ECF p. 13.

Having reviewed the record before the arbitrator, there is more than a barely colorable justification for the arbitrator's findings and award. In fact, there is no genuine issue of material fact precluding summary judgment as to any portion of the Arbitrator's Award. As respondent has failed to appear before the Court—let alone raise any argument regarding vacatur, modification, or correction—and no defense is apparent from the record, confirmation is mandatory. See generally New York City Dist. Council of Carpenters v. Am. Flooring Concepts Inc., 18-CV-2657 (AMD), 2018 WL 4863651, at *4 (E.D.N.Y. Sept. 7, 2018), adopted, 2018 WL 4861387 (E.D.N.Y. Oct. 4, 2018); New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC, 17-CV-6461 (PKC), 2018 WL 5077161, at *3 (E.D.N.Y. Aug. 7, 2018), adopted, 335 F.Supp.3d 349 (E.D.N.Y. 2018). This Court thus recommends that the District Court confirm the arbitrator's award in petitioner's favor in the amount of $309,858.57.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court grant the Petition to confirm the arbitration award in the amount of $309,858.57, as awarded to petitioner by the arbitrator, plus post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

Any objections to the recommendations contained herein must be filed with the Honorable Rachel P. Kovner on or before February 7, 2022. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is requested to docket this Report and Recommendation into the ECF court file and to send copies to respondent by mail at the following addresses:

Dollar Phone Enterprise, Inc.
232 Broadway
Brooklyn, New York 11211

and

Dollar Phone Enterprise, Inc.
34 Franklin Avenue, Suite 220
Brooklyn, New York 11205

**SO ORDERED.**

**Dated: Brooklyn, New York**
       **January 19, 2022**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**